UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSÉ HERNANDEZ,

                                 Plaintiff,

         v.

350 EAST 109TH REALTY LLC, PAPA JOHN'S
FRANCHISING, LLC AND PJ NATIONAL NEW
YORK, LLC,

                             Defendants.
---------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff José Hernandez (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants 350 East 109th Realty LLC (the "Owner Defendant") and PJ National New York, LLC (together with the Owner Defendant referred to as "Non-Franchisor Defendants") and Papa John's Franchising, LLC ("Franchisor Defendant", and together with Non-Franchisor Defendants, "Defendants") hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").  As explained more fully below, Defendants own, franchise, lease, lease to, operate, and/or control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.     At all times relevant to this action, Plaintiff José Hernandez has been and remains currently a resident of the State and City of New York.

6.     At all times relevant to this action, Plaintiff José Hernandez has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.     Owner Defendant owns the property located at 2119 First Avenue in New York County, New York (hereinafter referred to as "2119 First Avenue").

8.     At all relevant times, each of the Defendants own, lease, lease to, franchise, operate and/or control a public accomodation doing business as a "Papa Johns" pizza store.

9.     At all relevant times, defendant PJ National New York, LLC operates and/or leases property located at 2119 First Avenue from the Owner Defendant in which it operates a Papa Johns pizza store (hereinafter referred to as the "Papa Johns premises").

10.     Defendant Papa John's Franchising, LLC, as franchisor, franchises the Papa Johns pizza store to PJ National New York, LLC, as franchisee pursuant to a franchise agreement.

11.     Upon information and belief, Owner Defendant and PJ National New York, LLC have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     The Papa Johns premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102).

13.     The Papa Johns premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) as it is a restaurant or other establishment serving food or drink operated by a private entity and its operations affect commerce.

14.     The Papa Johns premises is a place of public accommodation within the meaning of the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102)) as it is a restaurant.

15.     Each of the Non-Franchisor Defendants is an entity prohibited from engaging in unlawful discriminatory practices pursuant to the ADA (42 U.S.C. § 12182 and 28 C.F.R. § 36.201) and the NYSHRL (Executive Law § 296(2)(a)) with respect to places of public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Papa Johns premises located at 2119 First Avenue.

16.     All of the Defendants are entities prohibited from engaging in unlawful discriminatory practices with respect to places of public accommodation pursuant to the NYCHRL (Administrative Code (§ 8-107(4)) as they own, lease, lease to, franchise, control or operate a place of public accommodation, the Papa Johns premises located at 2119 First Avenue.

17.     Numerous architectural barriers exist at the Papa Johns premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

18.     Upon information and belief, at some time after January 1992, alterations were made to 2119 First Avenue, including areas adjacent and/or attached to 2119 First Avenue.

19.     Upon information and belief, at some time after January 1992, alterations were made to the Papa Johns premises, and to areas of 2119 First Avenue related to the Papa Johns premises.

20.     Within the past three years of filing this action, Plaintiff attempted to and desired to access the Papa Johns premises to utilize its services.

21.     Although Plaintiff wants to access the Papa Johns premises, Plaintiff is unable to do so, and is also unable to enjoy equal and complete access because of the architectural barriers Defendants maintain at the Papa Johns premises and at 2119 First Avenue.

22.     The Papa Johns premises is located in the East Harlem neighborhood of New York County.

23.     Plaintiff is in the East Harlem neighborhood of New York County approximately once a month.

24.     The Papa Johns premises is located within close proximity of Plaintiff's friends in East Harlem.

25.     The Papa Johns premises is also situated within three blocks of wheelchair accessible public transit Plaintiff utilizes to travel to East Harlem.

26.     On or about June 8, 2024 Plaintiff was in the East Harlem neighborhood of Manhattan and desired Papa Johns pizza,

27.     Plaintiff attempted to patronize the Papa Johns premises; however, Plaintiff encountered steps at the entrances to the Papa Johns premises which denied him entry due to his use of his motorized wheelchair.

28.     Because of the open and obvious architectural barrier (i.e., the entrance steps), Plaintiff did not engage in the futile gesture of trying to enter the Papa Johns premises.

29.     Steps are likely the most obvious architectural barrier to wheelchair access.  An entrance with a step is no different than a sign informing Plaintiff and other wheelchair users to "keep out."  *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

30.     Plaintiff was deterred from patronizing the Papa Johns premises due to the steps at the entrance and other barriers to wheelchair access detailed herein.

31.     Plaintiff would like to access the Papa Johns premises because he likes their pizza and is particularly fond of their garlic sauce.

32.     Plaintiff would like to access the Papa Johns premises but is unable to do so because of the architectural barriers extant at the Papa Johns premises.

33.     Plaintiff is deterred from patronizing the Papa Johns premises due to the steps at the entrance and other barriers to wheelchair access detailed herein.

34.     Plaintiff would like to access the Papa Johns premises, however, when Defendants altered the Papa Johns premises, they decided to exclude individuals with

mobilities by creating and maintaining an inaccessible entrance that excludes individuals
with disabilities who use wheelchairs and by instituting policies that discriminate against
individuals with disabilities.

35.     The services, features, elements and spaces of the Papa Johns premises are
not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards
for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to
as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for
Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part
36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

36.     Because of Defendants' failure to comply with the above-mentioned laws,
including but not limited to the 1991 Standards or the 2010 Standards and the
Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and
complete access to all of the areas of the Papa Johns premises that are open and available
to the public.

37.     Defendants' place of public accommodation has not been designed,
constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the
1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"),
including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008
New York City Building Code ("2008 BC") including the 2008 BC Reference Standard
ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code
("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014
Ref Std").

38.    Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Papa Johns premises as well as architectural barriers that exist include, but are not limited to, the following:

I.    An accessible route is not provided from the public street and sidewalk to the Papa Johns premises entrance.
    *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.    The public entrance to the Papa Johns premises is not accessible.
    *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
    *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
    *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
    *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.    The entrance door to the Papa Johns premises lacks level maneuvering clearances at the push side of the door.
    *Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

IV.    Maneuvering clearances for pushing open the entrance door to the Papa Johns premises is not provided due to steps.
    *Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

V.    No signage identifies an accessible entrance to the Papa Johns premises (to the extent Defendants claim they provide an accessible public entrance).
    *Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d);and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

VI.    There is no directional signage at the inaccessible entrance to the Papa Johns premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).

> *Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6. Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
> *Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

39.     Upon information and belief, a full inspection of the Papa Johns premises will reveal the existence of other barriers to access.

40.     As required by the ADA (remedial civil rights legislation) to properly remedy Non-Franchisor Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Papa Johns premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given to the Non-Franchisor Defendants that Plaintiff intends on amending this Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

41.     To effectuate the purposes of the NYCHRL and properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Papa Johns premises to catalogue and have Defendants' cure all areas of non-compliance with the NYCHRL.  Notice is therefore given to Defendants that Plaintiff intends on amending this Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

42.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

43.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

44.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Papa Johns premises continue to exist and deter Plaintiff.

45.     Defendants exclude Plaintiff from the Papa Johns premises by their creation and maintenance of barriers to access, including but not limited to, an inaccessible entryway.

46.     Plaintiff intends to patronize the Papa Johns premises at least once a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

47.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Papa Johns premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

48.     Plaintiff also intends to patronize the Papa Johns premises to monitor, ensure, and determine whether the Papa Johns premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

49.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Papa Johns premises.  This is because he desires to dine at the

Papa Johns premises but is denied the opportunity to do so based on disability because Defendants discriminate against him in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Papa Johns premises.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

50.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

51.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

52.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

53.    Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (*i.e.* lease agreement).  28 C.F.R. 36.201(b).

54.    Non-Franchisor Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Non-Franchisor Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

55.    By failing to comply with the law in effect for decades, Non-Franchisor Defendants have articulated to disabled persons such as the Plaintiff that they are not

welcome, and that they are objectionable and not desired as patrons of their public accommodation.

56.     Non-Franchisor Defendants have discriminated against Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

57.     The Papa Johns premises is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

58.     Non-Franchisor Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

59.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

60.     Non-Franchisor Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable for Non-Franchisor Defendants' to make the Papa Johns premises fully accessible.

61.     By failing to remove the barriers to access where it is readily achievable to do so, Non-Franchisor Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

62.     In the alternative, Non-Franchisor Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

63.     Non-Franchisor Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

64.     Non-Franchisor Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

65.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

67.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

68.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

69.     Non-Franchisor Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

70.     Non-Franchisor Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

71.     Non-Franchisor Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

72.     In the alternative, Non-Franchisor Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

73.     It would be readily achievable for Non-Franchisor Defendants to make the Papa Johns premises fully accessible.

74.     It would not impose an undue hardship or undue burden on Non-Franchisor Defendants to make the Papa Johns premises fully accessible.

75.     As a direct and proximate result of Non-Franchisor Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer

emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

76.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

77.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

78.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

79.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

80.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

81.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

82.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

83.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

84.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

85.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes

an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

86.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

87.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Owner Defendant continuously controlled, managed, and operated the public sidewalk abutting 2119 First Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

88.     Owner Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

89.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by franchising, maintaining and/or creating an inaccessible place of public accommodation.

90.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

91.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

92.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

93.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

94.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

95.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

96.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

97.     By refusing to make the Papa Johns premises accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

98.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

99.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

100.     Non-Franchisor Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

101.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

102.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

103.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

104.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

105.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and/or the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment

I.    Against the Non-Franchisor Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.    Enter declaratory judgment declaring that Non-Franchisor Defendants have violated the ADA and its implementing regulations and the NYSHRL and declaring the rights of Plaintiff as to Non-Franchisor Defendants' place of public accommodation, and Non-Franchisor Defendants' policies, practices, and procedures;

B.    Issue a permanent injunction ordering Non-Franchisor Defendants to close and cease all business until Non-Franchisor Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, and the NYSHRL including but not limited to the violations set forth above;

C.    Retain jurisdiction over the Non-Franchisor Defendants until the Court is satisfied that the Non-Franchisor Defendants' unlawful discriminatory

practices, acts and omissions under the ADA and NYSHRL no longer exist and will not reoccur;

      D.     Award Plaintiff compensatory damages as a result of Non-Franchisor Defendants' violations of the NYSHRL;

      E.     Award Plaintiff the monetary penalties for each and every violation of the law, per Non-Franchisor Defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

      F.     Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses from Non-Franchisor Defendants pursuant to the ADA and NYSHRL; and

      G.     For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

II.     Against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

      A.     Enter declaratory judgment declaring that Defendants have violated the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

      B.     Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the NYCHRL, including but not limited to the violations of the 1991 Standards or the 2010 Standards, and the Administrative Code;

C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful discriminatory practices, acts and omissions under the NYCHRL no longer exist and will not reoccur;

D.      Award Plaintiff compensatory damages as a result of Defendants' violations of the NYCHRL;

E.      Award Plaintiff punitive damages from Defendants in order to punish and deter the Defendants for their violations of the NYCHRL;

F.      Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses from Defendants pursuant to the NYCHRL; and

G.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: July 3, 2024
New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:____/s_____
Robert G. Hanski, Esq.
Attorneys for Plaintiff
85 Delancey Street
New York, New York 10002
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email: rgh@disabilityrightsny.com